IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUST CAUSE MARKETING, INC., *et al.*, | : : : |
| *Plaintiffs*, | : : |
| v. | Case No. 1:24-cv-724 |
| LENDIO, INC., | Judge Jeffery P. Hopkins : : |
| *Defendant*. | : |

## ORDER TO SHOW CAUSE

This matter is before the Court on Defendant Lendio, Inc.'s ("Defendant" or "Lendio") Motion to Stay Litigation and Compel Arbitration (the "Motion"). Doc. 13. For the reasons set forth below, the Court **DENIES AS MOOT** Defendant's Motion. The Court **ORDERS** Plaintiff Just Cause Marketing, Inc. ("Plaintiff" or "Just Cause") to **SHOW CAUSE** within **twenty-one (21) days** of the filing date of this Order why this case should not be transferred to the United States District Court for the District of Utah and why this dispute should not be governed by the laws of the state of Utah.

Just Cause is a Connecticut corporation that conducts business in Ohio. Compl., Doc. 1, ¶ 1. Its principal owner is Deborah Adams. Doc. 16-1, ¶ 1. Plaintiff specializes in "branding, innovation, packaging, and sustainable packaging for consumer products companies worldwide." Compl., ¶ 3. Lendio is a Delaware corporation with its principal place of business in Utah. *Id.* ¶ 2. Lendio matches qualified small business owners with active banks, credit unions, and other lending sources through a proprietary matching technology and collaborates with business owners for loan preparation and acquisition. Doc. 13, PageID 49.

In early 2024, Adams, on behalf of Just Cause, entered into several agreements with Lendio in order to secure loan financing (the "Agreements"). *Id*. at PageID 50. The Agreements consist of the Terms of Application agreement ("Terms of Application"), the Terms of Use agreement ("Terms of Use"), the Credit Gathering Authorization agreement ("Credit Gathering Authorization"), the E-sign Disclosure agreement ("E-sign Disclosure"), and the Privacy Policy agreement ("Privacy Policy"). *Id*. Lendio maintains that any individuals who submit applications to Lendio via Lendio's website are directed to create an account. *Id*. In order to create the account, the user is immediately provided a prompt with hyperlinks to each of the Agreements, and the user must check a box stating that "I agree to the Terms of Application, Terms of Use which includes an arbitration agreement, Credit Gathering Authorization, E-sign Disclosure, and Privacy Policy" before proceeding with and finalizing the account. *Id*.

The Terms of Use has a choice-of-law provision, stating that "THE LAW OF THE STATE OF UTAH APPLIES TO ALL INTERACTIONS BETWEEN [PLAINTIFF] AND LENDIO." Pl. Ex. 4, Doc. 13-4, PageID 71. *Importantly*, the Terms of Use also contains a forum selection clause: "any dispute arising out of or relating to these Terms, the Site or the Services will be subject to the *exclusive jurisdiction and venue* of the federal and state courts in Salt Lake County, Utah." *Id*. at PageID 72 (emphasis added).

Upon review of the record in this case, the Court notes that neither party has addressed the forum selection clause or the choice of law provision outlined in the Terms of Use. Before reaching any conclusion concerning the enforceability of the at-issue arbitration provision, the Court deems it necessary to determine, as a threshold matter, whether this case is properly before the United States District Court for the Southern District of Ohio or whether the case

2

should be transferred to the United States District Court for the District of Utah. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (holding that a district court may *sua sponte* raise an issue of forum non conveniens where a forum selection clause establishes another venue). Moreover, the Court deems it necessary to establish whether the laws of the state of Utah apply, rather than the laws of the state of Ohio and legal authority from the Sixth Circuit as cited by the parties.

Accordingly, the Court **ORDERS** Just Cause to **SHOW CAUSE** in writing within **twenty-one (21) days** of the filing date of this Order why this case should not be transferred to the United States District Court for the District of Utah and why this dispute should not be governed by the laws of the state of Utah. Lendio shall have **twenty-one (21) days** after Plaintiff addresses the jurisdictional matters raised by this Order to file a written response. Just Cause may have **fourteen (14) days** from the day Lendio files its response to file a reply, if any. The parties' responses to this Order to Show Cause shall be limited to **fifteen (15) pages**, and Just Cause's reply shall be limited to **five (5) pages**. Lendio's Motion to Stay Litigation and Compel Arbitration is **DENIED AS MOOT** and **WITHOUT PREJUDICE** as to refiling should circumstances so require. Doc. 13.

**IT IS SO ORDERED.**

September 30, 2025

Jeffery P. Hopkins
United States District Judge