IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUST CAUSE MARKETING, INC., *et al.*, | : : : | Case No. 1:24-cv-724 |
| *Plaintiffs*, | : : | Judge Jeffery P. Hopkins |
| vs. | : : : | |
| LENDIO, INC., | : : | |
| *Defendant*. | : | |

# ORDER

This matter is before the Court following Defendant Lendio, Inc.'s ("Defendant" or "Lendio") Motion to Stay Litigation and Compel Arbitration (the "Motion") involving Plaintiff Just Cause Marketing, Inc. ("Plaintiff" or "Just Cause"). Doc. 13. Although the Court denied the Motion as moot, it also issued an Order to Show Cause directing Plaintiff to explain why this case should not be transferred to the United States District Court for the District of Utah, pursuant to a forum selection clause contained in the parties' agreement. Doc. 20. Plaintiff submitted a Response ("Plaintiff's Response") (Doc. 21), to which Defendant responded ("Defendant's Response") (Doc. 22), and Plaintiff replied ("Plaintiff's Reply") (Doc. 23). The matter is now ripe for review.

### I. Background

Plaintiff Just Cause is a Connecticut corporation that conducts business in Ohio. Compl., Doc. 1, ¶ 1. Defendant Lendio, a Delaware corporation, has its principal place of business in Utah. Doc. 13-1, ¶ 3. Just Cause is a Woman Owned Small Business that specializes in "branding, innovation, packaging, and sustainable packaging for consumer

product companies worldwide." Compl., Doc. 1, ¶ 3. Lendio is a loan marketplace which attempts to connect small businesses with loans. *Id*. at ¶¶ 4, 17. Lendio advertised its services and represented to Just Cause that Lendio could promptly assist Just Cause in obtaining a loan from the Small Business Administration ("SBA"). *Id*. at ¶¶ 15, 18.

Allegedly after confirming that an SBA loan was forthcoming, Lendio offered to assist Just Cause in obtaining a short-term, high-interest "bridge loan" from a third-party lender. *Id*. at ¶¶ 20–21. The purpose of this loan was to provide working capital for Just Cause to operate over the four-week period it took for the SBA to process their loan. *Id*. After taking on the bridge loan from the third party, Lendio notified Just Cause that it was "no longer eligible" for the SBA loan. *Id*. at ¶ 28. As a result, Just Cause was stuck with the high-interest bridge loan, without access to the expected influx of capital from the SBA loan to quickly pay it off. Just Cause characterizes this sequence of events as a "bait and switch" tactic by Lendio, which Just Cause asserts was fraudulent and now seeks to recover monetary relief. *Id*. at ¶¶ 30, 57–60.

In order to access Lendio's services and apply for a loan, a user must create an account on Lendio's website. *See* Doc. 13, PageID 50. For a user to create an account, they must agree to the Terms of Application and Terms of Use (the "Terms of Use"), the agreement which is at the core of the dispute between the parties in this litigation. *Id.* The relevant portion of the Terms of Use states, "any dispute arising out of or relating to these Terms, the Site or the Services will be subject to the *exclusive jurisdiction and venue of the federal and state courts in Salt Lake County, Utah*." Doc. 13-4, PageID 72 (emphasis added.). Under the circumstances, the Court must decide whether all further proceedings in this case should be transferred to the United States District Court for the District of Utah or remain here for adjudication.

## II. Discussion

### A. Forum Selection Clause

"When the forum-selection clause designates a court within the federal court system, the appropriate mechanism is a motion to transfer pursuant to § 1404(a)." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 310 (6th Cir. 2024) (citation and internal quotations omitted). While neither party has raised a § 1404(a) motion to transfer, "[a] district court may transfer a case sua sponte pursuant to [§ 1404(a)] to any forum in which the plaintiff had the initial right to bring the suit." *Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-cv-2124, 2009 WL 1974413, at *3 (N.D. Ohio July 7, 2009). That case further advises, "[a] court considering sua sponte transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Id*. The Court has so informed the parties in its Order to Show Cause (Doc. 20), and the parties have fully briefed the matter (Docs. 21, 22, 23).

### 1. Applicability

In an effort to avoid having the case transferred to Utah, Plaintiff challenges the applicability of the transfer provisions of the Terms of Use portion of the parties' contract. In its memorandum, Plaintiff asserts that "[Defendant's] Terms of Use cease to bind the parties once Plaintiff stopped using [Defendant's] services." Doc. 23, PageID 132. That argument might hold water if the instant suit concerned a dispute over events which arose *after* the parties' agreement had been fully executed, unconnected to the contract itself. Here, however, the dispute between the parties arises directly from the services which were to be provided by Defendant and those that are at the core of the consideration contemplated in the parties' agreement. Compl., Doc. 1, ¶ 24. Given the language contained in the parties' Terms of Use

agreement and the facts presented in this case, the Court finds the forum selection clause applies to this matter.[1]

### 2. Validity and Enforceability

The Terms of Use clause in the parties' contract states that "any dispute arising out of or relating to these Terms, the Site or the Services will be subject to the exclusive jurisdiction and venue of the federal and state courts in Salt Lake County, Utah." Doc. 13-4, PageID 72. A "forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id*. When evaluating the enforceability of a forum selection clause, the Court considers whether: "(1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy forum of the state." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 219–220 (6th Cir. 2021).

Here, Plaintiff asserts that the Court should apply Utah choice of law rules in determining the question of enforceability of the forum selection clause. However, it has long been the rule that "in [a] diversity suit, the enforceability of the forum selection clause is governed by federal law." *Wong*, 589 F.3d at 828; *see also Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019); *see also Firexo, Inc.*, 99 F.4th at 309.

---

[1] The language in the Terms of Use is so unambiguous, that the same result would obtain regardless of which choice of law is applied to the contractual text.

Here, too, however, Plaintiff fails to directly address in its memorandum the four factors identified in *Lakeside Surfaces, Inc. v. Cambria Co., LLC* by the Sixth Circuit for determining enforceability of a forum selection clause. Instead, Plaintiff asserts generally that it was induced into the contract by fraud. Without more, such a broad assertion is insufficient to demonstrate unenforceability. The Sixth Circuit established the rule long ago that a party opposing a choice of law clause "must show fraud in the inclusion of the clause itself." *Wong*, 589 F.3d at 828. Plaintiff has made no such showing. Having failed to establish that the Terms of Use provision of the parties' agreement, i.e., the forum selection clause, was not obtained by fraud, duress, or other unconscionable means, the Court will only briefly address the other three *Lakeside Surfaces, Inc. v. Cambria Co.* factors. Plaintiff has failed to show that the designated forum would ineffectively or unfairly handle the suit. Further, Just Cause has made no showing that the designated forum would be so seriously inconvenient that requiring Plaintiff to bring suit there would be unjust. And finally, Plaintiff has not demonstrated that enforcing the forum selection clause would contravene a strong public policy forum of the state of Ohio. *See Lakeside Surfaces, Inc.*, 16 F.4th at 219–220. Thus, the Court finds that Plaintiff has failed to meet its burden of demonstrating that the forum selection clause should not be enforced.

### 3. § 1404(a) Analysis

Turning next to the § 1404(a) transfer factors. Neither party offered arguments related to any of the § 1404(a) transfer factors. As noted, however, this Court has broad discretion to transfer a case sua sponte pursuant to § 1404(a) to any forum in which the plaintiff had the initial right to bring suit—here, the state of Utah. *Krawec*, 2009 WL 1974413, at *3. The Court's exercise of discretion is aided here by the presence of a contractual forum selection

clause. "[T]he threshold consideration under §1404(a) is whether the action might have been brought in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007) (internal quotations omitted). Based on the parties' diverse citizenship—Plaintiff a Connecticut corporation and Defendant a Delaware company—the federal court in Utah clearly has diversity jurisdiction; Venue is also proper given that Utah is Defendant's principal place of business. *See* 28 U.S.C. § 1391 (b), (c)(2).

Having concluded that the forum selection clause applies and is enforceable, the Court weighs the parties' private interests in favor of the preselected forum and evaluates the public-interest factors and the interests of justice in measuring the fairness of allowing this case to be litigated in the parties' agreement-based preselected forum—the state or federal courts in Utah. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013); *see also North v. McNamara*, 47 F. Supp. 3d 635, 647 (S.D. Ohio 2014).

The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co.*, 571 U.S. at 63, n. 6. Absent any evidence of court congestion in the Utah courts, this factor is at best neutral. The matter in dispute here is localized in that it occurred in Ohio, but neither party is incorporated here nor claims Ohio as its principal place of business. *See generally* Compl., Doc 1. Thus, this factor weighs only slightly against transfer. Finally, pursuant to the choice of law provision in the parties' agreement, the case will presumably be decided under Utah law. Rather than this Court having to apply unfamiliar state law, the Utah district court would be at home with the substantive and procedural Utah law upon which the case may ultimately be decided. This factor strongly favors transfer.

"The Court also must consider the interests of justice, including judicial economy and the avoidance of inconsistent judgments." *North*, 47 F. Supp. 3d at 646. While the parties have not identified for the Court any related cases currently pending in Utah state or federal courts, the presence of the forum selection clause contained in Defendant's web-based Terms of Use application and agreement for its new and existing customers raises the specter that future contract disputes involving these or similarly situated parties may be litigated there. Given this potential the possibility for inconsistent results is increased. Having this and similar cases litigated in Utah courts, applying Utah law, also promotes the interests of justice and judicial economy. Thus, after weighing these factors, the scale tips more favorably towards transfer of this case to Utah because of the forum selection clause. In light of the foregoing analysis, the Court concludes that transfer under § 1404(a) pursuant to the forum selection clause is proper and appropriate.

### III. Conclusion

For the reasons stated, the Court finds that transfer under 28 U.S.C. § 1404(a) is proper and in the interest of justice. The Clerk's Office **SHALL TRANSFER** this case to the United States District Court for the District of Utah. Upon transfer, the Clerk **SHALL ADMINISTRATIVELY** close this case.

**IT IS SO ORDERED.**

January 6, 2026

Jeffery P. Hopkins
United States District Judge